SUPERIOR COURT
OF THE
STATE OF DELAWARE

WILLIAM C. CARPENTER, JR.
JUDGE

NEW CASTLE COUNTY COURTHOUSE
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DE 19801-3733
TELEPHONE (302) 255-0670

January 19, 2016

Lawrance S. Kimmel, Esquire
Kimmel, Carter, Roman, Peltz & O'Neill, P.A.
56 W. Main Street
Plaza 273, 4th Floor
Newark, DE 19702

Susan L. Hauske, Esquire
Tybout, Redfearn, & Pell
750 Shipyard Drive, Suite 400
P.O. Box 2092
Wilmington, DE 19899

Andrew J. Connolly, Esquire
Post & Schell, P.C.
Four Penn Center
1600 John F. Kennedy Blvd.
Philadelphia, PA 19103

RE:    Kristen A. Boyd and Bobby Boyd v. George Curtiss Fleetwood and
       Mumford and Miller
       C.A. No. N14C-07-031 WCC

**On Plaintiffs' Motion to Amend the Complaint
GRANTED**

Dear Counsel:

The Court has before it Plaintiffs' Motion to Amend the Complaint pursuant to Superior Court Civil Rule 15(a), which was filed on September 23, 2015. A hearing was held on October 7, 2015 and the Court reserved decision on the

Motion pending a letter from counsel regarding the parties' mediation efforts. At the request of both parties, the Court agreed to hold its ruling on the instant Motion in abeyance until after mediation was completed. Having since been advised that the mediation was unsuccessful, the Court reviewed the Motion and Defendants' Response in Opposition. For the following reasons, Plaintiffs' Motion to Amend the Complaint is **GRANTED**.

In this case, Plaintiff Kristen A. Boyd ("Mrs. Boyd") sustained personal injuries in a motor vehicle accident on September 6, 2012 involving a vehicle operated by Defendant George Curtiss Fleetwood in the course of his employment with Defendant Mumford and Miller. Plaintiffs filed the initial Complaint on July 5, 2014, in which Mrs. Boyd alleged her injuries were caused as a result of Defendants' negligence. Based on information recently obtained in discovery, Plaintiffs are now seeking to amend the Complaint to include allegations of reckless and wanton conduct and request punitive damages.

A party may amend its pleading after a response has been filed pursuant to Rule 15(a) either "by leave of court or written consent of the adverse party; and leave shall be freely given when justice so requires."[1] The rule thus liberally permits amendments to pleadings "unless the opposing party would be seriously prejudiced thereby."[2] Further, where the statute of limitations for a proposed claim has expired, the claim will nevertheless relate back to the date of the original filing so long as it "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."[3]

It is clear to the Court, and appears undisputed among the parties, that the amendments now proposed relate back to the same motor vehicle accident underlying the original Complaint for purposes of Rule 15. Importantly, Defendants do not argue the amendments are proposed out of bad faith, undue delay, or inexcusable carelessness, nor have they demonstrated any serious prejudice to their case. Rather, they urge the Court to deny the Motion because

---

[1] Super. Ct. Civ. R. 15(a).

[2] *See Gerber v. Young*, 1987 WL 9671, at *2 (Del. Super. Apr. 6, 1987). *See also Paul v. Chromalytics Corp.*, 343 A.2d 622, 625 (Del. Super. 1975).

[3] Super. Ct. Civ. R. 15(c). *See also Gerber*, 1987 WL 9671, at *1 ("If the original pleading gives fair notice of the general fact situation out of which the claim or defense arises, an amendment which merely makes more specific what has already been alleged generally, or which changes the legal theory of the action, will relate back even though the statute of limitations has run in the interim.").

Defendants' "actions do not rise to the legal standard of wanton or reckless" required for punitive damages.[4]  While perhaps a relevant consideration for the jury or on a motion under Superior Court Civil Rule 50, this assertion has simply no bearing on the Court's determination under Rule 15(a).  Thus, given the nature of the proposed claims and Delaware's policy to freely permit amendments absent a showing of serious prejudice, the Court hereby grants Plaintiffs' Motion to Amend the Complaint.

**IT IS SO ORDERED.**


/s/ William C. Carpenter, Jr.
Judge William C. Carpenter, Jr.

WCCjr:twp

cc:    Cailah Kerchevall, Civil Case Manager

---

[4] Defs. Resp. to Pl. Mot. to Amend Compl. at 6, ¶ 16.